UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN MANUEL ORTIZ-ALVEAR,

                     Petitioner,                    MEMORANDUM AND ORDER

    -against-
                                                                            12 CV 5758 (JG)

UNITED STATES OF AMERICA,

                     Respondent.
-----------------------------------------------------------------X
John Gleeson, United States District Judge:

        Petitioner Juan Manuel Ortiz-Alvear brings the instant *pro se* motion challenging the conviction and 210-month sentence entered in this Court on November 7, 1995. *See United States v. Ortiz*, No. 94 cr 389 (DGT) (filed May 20, 1994). He employs a standard form petition for an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, by a Prisoner in Federal Custody. In a letter accompanying his Motion, Mr. Ortiz states, among other things, that he is innocent but that he would like to accept the plea offer that his counsel failed to tell him about in 1994.

        On September 28, 1998, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He raised, *inter alia*, a claim of ineffective assistance of trial counsel. That motion was denied by Order entered April 23, 1999. *Ortiz v. United States*, No. 98 CV 6008 (DGT), Slip op. (E.D.N.Y. Apr. 19, 1999). The Court of Appeals for the Second Circuit subsequently denied a certificate of appealability; its mandate issued on December 3, 1999.

        The instant motion challenges the same conviction. As such, it is a second or successive habeas petition within the meaning of § 2255, which provides:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence

> that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The petitioner may not receive review of a second or successive habeas petition unless he has first received permission from the Court of Appeals to do so, as only that court, and not a district court may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Accordingly, the Clerk of Court is directed to transfer the motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam). This order closes this case. If the Second Circuit authorizes Ortiz-Alvear to proceed in this matter, he shall move to reopen under this docket number.

So ordered.

_____
John Gleeson
United States District Judge

Dated: Brooklyn, New York
December 14, 2012